## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WALTER BRADLEY,

      Petitioner,

      v.

U.S. PAROLE COMMISSION,

      Respondent.

CIVIL ACTION NO. 4:15-cv-00247

(BRANN, J.)
(SAPORITO, M.J.)

## <u>REPORT AND RECOMMENDATION</u>

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254,[1] signed and dated by the *pro se* petitioner, Walter Bradley, on September 25, 2014. (Doc. 1). The petition was originally received and filed by the Clerk of the United States District Court for the District of Columbia on December 22, 2014. (*Id.*). At the time of filing, Bradley was incarcerated at USP Canaan, which is

---

[1] Because Bradley was convicted by a District of Columbia court, he is considered a state prisoner. *See Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002); *see also Robinson v. Reilly*, 340 Fed. App'x 772, 773 (3d Cir. 2009) (per curiam) (citing *Madley*); *DeVaughn v. Dodrill*, 145 Fed. App'x 392, 394 (3d Cir. 2005) (per curiam) (citing *Madley*). Thus, although styled as a § 2241 petition, Bradley's petition must be treated as one filed pursuant to 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001); *Madley*, 278 F.3d at 1309; *see also Robinson*, 340 Fed. App'x at 773 (citing *Coady* and *Madley*); *DeVaughn*, 145 Fed. App'x at 394 (citing *Coady* and *Madley*).

located in Wayne County, Pennsylvania. (*Id.*). Accordingly, the petition was transferred to this Court on February 4, 2015. (Doc. 4).

The respondent[2] filed his answer to the petition on April 3, 2015. (Doc. 12). The petitioner filed his reply on April 23, 2015. (Doc. 13). The matter is ripe for disposition.

## I. BACKGROUND

Bradley was originally sentenced by the D.C. Superior Court on October 23, 1985, to serve a 20-year term of imprisonment for unlawful distribution of controlled substances. He was first paroled from this sentence on May 11, 1992, and he was to remain under parole supervision until September 10, 2005. On September 29, 1994, the United States Parole Commission (the "Commission") revoked Bradley's parole and

---

[2] The named respondent to the petition is the United States Parole Commission. At the time of filing, however, the petitioner was incarcerated at USP Canaan. Thus it is the Warden of USP Canaan, Chuck Maiorana, not the U.S. Parole Commission, who is the petitioner's custodian and the proper respondent to this petition. *See* 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The petitioner, however, will not be required to submit an amendment. Instead, the Court will liberally construe the *pro se* petition as naming the appropriate respondent: Chuck Maiorana, Warden of USP Canaan. *See Maher v. Pa. Bd. of Probation & Parole*, No. 3:CV-04-1277, 2005 WL 1324879, at *1 n.2 (M.D. Pa. June 3, 2005).

returned him to prison with no credit for time spent on parole.

Bradley was paroled for the second time on June 10, 1997, and he was to remain under parole supervision until July 17, 2006.[3]    On October 22, 2003, the Commission issued a warrant charging Bradley with violating the conditions of his parole by committing an assault with a deadly weapon, possessing a firearm, and failing to report contact with law enforcement. The Commission instructed the U.S. Marshals Service to assume custody of Bradley unless he was already in the custody of other authorities or subject to a criminal arrest warrant, in which case the Marshals were to lodge the warrant as a detainer.

Bradley had been arrested by D.C. police for the underlying assault and related charges on October 17, 2003. He was held by D.C. officials pursuant to a criminal complaint and arrest warrant until he was released on January 5, 2004, when the D.C. charges were dismissed, apparently due to the government's failure to timely return an indictment against

---

[3] On October 20, 1994, jurisdiction over Bradley was transferred to the D.C. Board of Parole, which granted Bradley's second term of parole release. Bradley was later transferred back to the jurisdiction of the Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131).

Bradley.

On January 7, 2004, the Commission's warrant was executed and Bradley was taken into custody. On January 21, 2004, the Commission found no probable cause that Bradley had violated the conditions of his supervision, released him from custody, and reinstated parole supervision.

In the meantime, Bradley was indicted by a D.C. grand jury on the same assault and related charges on January 7, 2004. He was rearrested by D.C. authorities on January 23, 2004. Ultimately, on August 12, 2004, Bradley was sentenced by the D.C. Superior Court to serve a term of 16 years imprisonment for assault with a dangerous weapon, armed kidnapping, and possession of a firearm during a crime of violence. Bradley's expected release date from this new sentence has been computed as October 11, 2017, with good conduct time. Bradley is not eligible for parole under this new sentence.

In response to the indictment, the Commission issued a new warrant on January 26, 2004, charging Bradley with violating the conditions of his parole, this time limited to a single charge of violating the law, based on the criminal charges of assault with a dangerous weapon and unauthorized possession of a firearm pending in D.C. Superior Court. The

Commission once again instructed the U.S. Marshals to place the warrant as a detainer. The detainer was subsequently filed against Bradley.

## II.   DISCUSSION

Under 28 U.S.C. § 2254, a federal writ of habeas corpus cannot be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State,"[4] or that state corrective procedures are unavailable or ineffective. 28 U.S.C. § 2254(b)(1); *see also Graham v. FCC Coleman USP II Warden*, Civ. Action No. 14-1567 (ABJ), 2016 WL 2962190, at \*3–\*4 (D.D.C. May 20, 2016) (denying D.C. offender's habeas claim for failure to exhaust D.C. court remedies), *appeal filed*, No. 16-5179 (D.C. Cir. June 23, 2016). "Exhaustion is not a jurisdictional requirement but rather addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). "The habeas petitioner bears the burden of proving that he has exhausted available state remedies." *Toulson v.*

---

[4] As noted previously, the District of Columbia is treated as a state for habeas purposes. *See Madley*, 278 F.3d at 1309; *see also Robinson*, 340 Fed. App'x at 773; *DeVaughn*, 145 Fed. App'x at 394.

*Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Here, neither the petitioner nor the respondent has addressed the issue of exhaustion, and it is not clear from the record whether Bradley has exhausted, or attempted to exhaust, available D.C. court remedies. Regardless, the habeas statutes permit us to recommend denial of Bradley's habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because Bradley's habeas claim is patently meritless, we recommend denial of the petition on its merits.

Bradley claims that the Commission has, for more than a decade, denied him a parole revocation hearing, in violation of his due process rights and in violation of federal parole regulations. In particular, he claims that he was entitled to receive a revocation hearing within 120 days of placement of the parole violation warrant against him as a detainer, as required by 28 C.F.R. § 2.47.

Bradley's reliance on § 2.47 is misplaced. This provision assures the timeliness of a revocation hearing and review for *federal* parolees, not *District of Columbia* parolees, who are regulated by 28 C.F.R. § 2.70 *et seq.* *See Wilfort v. Holt*, Civil Action No. 1:05-CV-2168, 2006 WL 2474063, at *2

(M.D. Pa. Aug. 25, 2006) The analogous provision that applies in Bradley's

case is 28 C.F.R. § 2.100, which provides that:

> (a) When a [D.C.] parolee is in the custody of other law
> enforcement authorities, or is serving a new sentence of
> imprisonment imposed for a crime committed while on
> parole . . . , a parole violation warrant may be lodged
> against him as a detainer.
>
> . . . .
>
> (c) If the parolee is serving a new sentence of
> imprisonment that does not include eligibility for parole
> under the Commission's jurisdiction, the Commission
> shall review the detainer upon request of the parolee.
> Following such review, the Commission may:
>
> . . . .
>
> (3) Let the detainer stand until the new sentence is
> completed. Following the release of the parolee, and
> the execution of the Commission's warrant, an
> institutional revocation hearing shall be conducted
> after the parolee is returned to federal custody.

28 C.F.R. § 2.100; *see also Wilfort*, 2006 WL 2474063, at *2.

The Commission's decision to defer a dispositional hearing on

Bradley's parole revocation until the completion of service of Bradley's

new, 16-year sentence in October 2017 is within its discretionary authority

under § 2.100(c)(3). *See Wilfort*, 2006 WL 2474063, at *2.

Notwithstanding the applicable regulations, due process requires

that a revocation hearing must be held "within a reasonable time" after

execution of a parole violator warrant. *Morrissey v. Brewer*, 408 U.S. 471,

488 (1972). But predicate to this due process right is the existence of a

liberty interest protected by due process. *See id.* at 480–82. As we have

previously explained,

> The lodging of a detainer does not amount to "execution"
> of the warrant. A detainer is designed merely to provide
> notice to the institution of confinement that a warrant
> has been issued and that the Commission intends to
> consider the question of parole revocation at a later date.
> "[T]he operative event triggering any loss of liberty
> attendant upon parole revocation" is the execution of the
> warrant and the concomitant assumption of custody of
> the parolee.

*Butler v. U.S. Parole Comm'n*, 570 F. Supp. 67, 73 (M.D. Pa. 1983) (citing

and quoting *Moody v. Daggett,* 429 U.S. 78, 86–87) (citation omitted,

brackets in original). Or, as our sister court in Connecticut has explained,

> [T]he mere existence of an outstanding violator warrant
> lodged as a detainer does not deprive petitioner of any
> protected liberty interest. . . . [T]he confinement itself is
> not due to the detainer, but to the conviction for a
> criminal offense. Issuance of the warrant does not mean
> his parole will necessarily be revoked. Any interest in
> avoiding the risk that parole revocation time might be
> imposed consecutively to the present sentence[] can be
> achieved if the Commission later decides not to revoke
> parole.

*Rhodes v. U.S. Parole Comm'n*, 456 F. Supp. 17, 20 (D. Conn. 1977) (citing

*Moody*) (citations omitted); *see also Grist v. U.S. Parole Comm'n*, 3 Fed.

App'x 724, 725 (10th Cir. 2001) ("[T]he parole violator warrant had not been executed, but had been lodged as a detainer. Consequently, . . . petitioner's due process rights were not violated, because they were not triggered."); *Heath v. U.S. Parole Comm'n*, 788 F.2d 85, 91 (2d Cir. 1986) ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant. . . . [B]ecause [petitioner] was not entitled to a hearing prior to the execution of the warrant or to compelled execution of the warrant, he suffered no deprivation of due process from the Commission's failure to take such action.").

Moreover, even if due process protections had been triggered by the issuance of the warrant or its lodging as a detainer, a parolee must also demonstrate that he was prejudiced by the delay to obtain habeas relief. *See Franklin v. Fenton*, 642 F.2d 760, 764 (3d Cir. 1980); *see also Short v. U.S. Parole Comm'n*, 549 F. Supp. 118, 120 (D.D.C. 1982) ("[U]nless petitioner can establish that actual prejudice has resulted from any of the infirmities he alleges, he cannot be entitled to habeas relief."). No such prejudice exists here. *See Thomas v. Ebbert*, Civil Action No. 1:08-CV-1133, 2009 WL 396461, at *2 (M.D. Pa. Feb. 17, 2009) ("The issuance of a

detainer does not immediately deprive the parolee of liberty, and the Commission has no obligation to execute the warrant until petitioner completes his intervening sentence. The mere prospect of future incarceration from the parole violation itself does not have any 'present or inevitable effect' upon the individual in question. Accordingly, petitioner has received all the process to which he is entitled under Commission regulations.") (citations omitted). The underlying parole violation charges against Bradley are based entirely upon intervening crimes for which he has been convicted and is currently serving a 16-year prison sentence.[5] The passage of time under these circumstances does not implicate the diminished memory of witnesses or lost evidence, nor is any other potential prejudice apparent. *See Morrisey*, 408 U.S. at 490 ("Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime.").

Accordingly, we recommend that the petition be denied as meritless.

---

[5] His conviction became final upon conclusion of direct appellate review in November 2011. *See Bradley v. United States*, 31 A.3d 1232 (D.C. 2011) (unpublished table decision affirming judgment of conviction).

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as meritless. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773–75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: May 23, 2017            ***s/ Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

WALTER BRADLEY,

      Petitioner,

      v.

UNITED STATES PAROLE COM.,

      Respondent.

CIVIL ACTION NO. 4:15-cv-00247

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated May 23, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The
judge, however, need conduct a new hearing only in his
or her discretion or where required by law, and may
consider the record developed before the magistrate
judge, making his or her own determination on the basis
of that record. The judge may also receive further
evidence, recall witnesses or recommit the matter to the
magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute a waiver of any appellate rights.


Dated: May 23, 2017                    ***s/ Joseph F. Saporito, Jr.***
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge